UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AMERICAN REALTY INVESTORS, INC.;
TRANSCONTINENTAL REALTY
INVESTORS, INC.; INCOME
OPPORTUNITY REALTY INVESTORS,
INC.; and PILLAR INCOME ASSET
MANAGEMENT, INC.,

                Plaintiffs,

     v.

PRIME INCOME ASSET MANAGEMENT,
LLC; PRIME INCOME ASSET
MANAGEMENT, INC.; and HOMETOWN
2006-1 1925 VALLEY VIEW, LLC,

                Defendants.

Case No. 2:13-cv-00278-APG-CWH

---

HOMETOWN 2006-1 1925 VALLEY
VIEW LLC,

                Plaintiff,

     v.

PRIME INCOME ASSET
MANAGEMENT, LLC; PRIME INCOME
MANAGEMENT, INC.; INCOME
OPPORTUNITY REALTY INVESTORS,
INC.; AMERICAN REALTY
INVESTORS, INC.;
TRANSCONTINENTAL REALTY
INVESTORS, INC.; PILLAR INCOME
ASSET MANAGEMENT, INC.; STEVEN
A. SHELLEY; DANIEL J. MOOS; GENE
S. BERTCHER; and LOUIS J. CORNA,

                Defendants.

Case No. 2:13-cv-01664-APG-PAL

**ORDER TRANSFERRING CASES**

1

2

3    ## I.    BACKGROUND

4          The relevant factual and procedural background is set forth in the Court's "Order Granting

5    Motion for Leave to File Supplemental Evidence and Denying Motion to Remand" (Dkt. No. 52)[1]

6    and "Order to Show Cause" ("OSC," Dkt. No. 51).

7          In the OSC, the Court ordered the parties to file briefs explaining (1) the respective states

8    of citizenship of Prime Income Asset Management, LLC and Prime Income Asset Management,

9    Inc. (for the purposes of analyzing whether they should be realigned as plaintiffs in the instant

10   case); and (2) whether the instant case and the Texas Fraud Lawsuit (case no. 2:13-cv-01664)

11   should be transferred to the U.S. District Court for the Northern District of Texas (the "Texas

12   Court").  (Dkt No. 51.)

13

14   ## II.   ANALYSIS

15          ### A.    Transfer of Venue

16                 #### 1.    Transfer Statute — 28 U.S.C. § 1404(a)

17         "For the convenience of parties and witnesses, and in the interest of justice, a district court

18   may transfer any civil action to any other district or division where it might have been brought or

19   to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  Under 28

20   U.S.C. § 1404(a)—the codification of the doctrine of *forum non conveniens*—the Court may *sua*

21   *sponte* order the transfer of venue "so long as the parties have the opportunity to present their

22   views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  The OSC afforded

23   the parties the necessary opportunity to respond.

24         Section 1404 applies only if venue is proper in the transferor court. *Lee v. Corrections*

25   *Corp. of Am.*, 525 F. Supp. 2d 1238, 1243 (D. Haw. 2007).  Venue in removed actions is

26   governed by the removal statute (28 U.S.C. § 1441(a)) rather than the general venue statute (28

27

28         [1] All docket citations are to case no. 2:13-cv-00278 (the "instant case") unless otherwise indicated.

U.S.C. § 1391). *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). Section 1441(a) provides for removal from the state court "to the district court of the United States for the district and division embracing the place where such action is pending." If an action is properly removed, then venue is automatically laid in the federal court to which the action is removed. *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001); *Sweeney v. Resolution Trust Corp.*, 16 F.3d 1, 4 (1st Cir. 1994); *Vu*, 602 F. Supp. 2d at 1156; *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1014–14 (N.D. Cal. 2000). Put another way, "[v]enue is proper when a case is removed to the district where the state action was pending." *Vu*, 602 F. Supp. 2d at 1156. [2] Thus, venue is proper in this Court because Hometown LLC properly removed the action from the Nevada state court. 28 U.S.C. § 1441(a).

Section 1404(a) next requires that the transferee court be one where the case "might have been brought." In other words, the transferee court must (i) have subject matter jurisdiction over the claims; (ii) personal jurisdiction over the defendants; and (iii) be a proper venue. *Metz. v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).

> In relevant part, the general venue statute provides that venue is proper in
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[2] The Court considers only non-fraudulently joined defendants in the venue analysis. *Pecorino v. Vutec Corp.*, __F. Supp. 2d __, 2012 WL 5989918 (E.D.N.Y. Nov. 30, 2012); *see Ervin v. Judicial Council of Cal.*, 2007 WL 1489255 at *2–3 (N.D. Cal. 2007); *Seagoing Uniform Corp. v. Texaco, Inc.*, 705 F. Supp. 918, 936 (S.D.N.Y. 1989); *Jenkins v. Nat'l Union Fire Ins. Co. of Pa*, 650 F. Supp. 609, 614 n.1 (N.D. Ga. 1986). Therefore, Hometown LLC is the only defendant that figures into the venue analysis. Notably, the transferor court need not have personal jurisdiction over the defendants in order to transfer a case under section 1404(a). *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (a transfer under § 1404(a) can be used to cure a lack of personal jurisdiction); *Reed v. Brown*, 623 F.Supp. 342, 346 (D. Nev. 1985).

1   Venue is proper in the Texas Court because the underlying events giving rise to the claims
2   occurred in that judicial district.  Moreover, Hometown LLC subjected itself to personal
3   jurisdiction in the Texas Court for claims related to these events by filing the Texas Guaranty
4   Lawsuit and Texas Fraud Lawsuit there.  *Id.* § 1391(b)(2)–(3); *see CE Distrib. v. New Sensor*
5   *Corp.*, 380 F.3d 1107, 1113 (9th Cir. 2004) ("[U]nder the doctrine of pendent personal
6   jurisdiction, a defendant may be required to defend a 'claim for which there is no independent
7   basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with
8   a claim in the same suit over which the court does have personal jurisdiction.'" (quoting *Action*
9   *Embroidery v. Atl. Embroidery*, 368 F.3d 1174, 1180 (9th Cir. 2004))).

10              **2.     First-to-File Rule**

11       The first-to-file rule "may be invoked when a complaint involving the same parties and
12  same issues has already been filed in another district."  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946
13  F.2d 622, 625 (9th Cir. 1991) (internal quotation marks and citation omitted).[3]  The actions need
14  not be identical, but they must be "substantially similar."  *Herer v. Ah Ha Pub., LLC*, 927 F.
15  Supp. 2d 1080, 1088 (D. Or. 2013).  "The interests of comity, efficiency, and judicial economy
16  give district courts discretion to 'transfer, stay, or dismiss' the more recently filed" action.  *Id.*
17  (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).  "If a subsequent
18  complaint is filed in a second court involving the same parties and issues as the first, then the rule
19  'should not be disregarded lightly.'"  *Id.* (quoting *Alltrade*, 946 F.2d at 625).

20       However, "the rule will not apply if a court determines that equitable interests counsel
21  otherwise; typical exceptions to the rule include bad faith, anticipatory suit, and forum shopping."
22  *Id.*  "A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications
23  that a suit by defendant was imminent. ... Such anticipatory suits are disfavored because they are
24  examples of forum shopping."  *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665
25  (N.D. Cal. 2003) (citations omitted).  Also, courts give priority to cases seeking coercive relief

26

27

28      [3] If a case is removed to federal court, the date of the state court filing is the effective date for the
first-to-file analysis. *Herer*, 927 F. Supp. 2d at 1089 n.3.

1    rather than declaratory relief regardless of which case was filed first.  *Research Automation, Inc.*

2    *v. Schrader-Bridgeport Int'l Inc.*, 626 F.3d 973, 980 (7th Cir. 2010); *see Carolina Cas. Co. v.*

3    *Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001).

4            The Texas Court followed the standard practice of deferring to the first-filed court on the

5    issue of whether the first-filed case was anticipatory, was filed in bad faith, or otherwise fails to

6    justify venue in the first-filed court.  Once the second-filed court determines that the actions are

7    substantially similar, thus warranting a transfer of venue, it is up to the first-filed court to

8    determine if and how the two cases should proceed.  *Cadle Co. v. Whataburger of Alice, Inc.*, 174

9    F.3d 599, 605 (5th Cir. 1999); *see Arris Int'l, Inc. v. Hybrid Patents, Inc. (In re COM21, Inc.)*,

10   357 B.R. 802, 809 (Bankr. N.D. Cal. 2006).

11           In the OSC, the Court tentatively determined that the instant case is an anticipatory strike

12   suit and thus the first-to-file rule does not apply.  Notwithstanding Plaintiffs' and the Prime

13   Defendants' protestations, that determination is no longer tentative.

14           Prime Defendants argue that the Court's tentative determination that the instant case was

15   an anticipatory strike suit relied on privileged, inadmissible evidence.  They contend that Texas

16   state law prohibits the disclosure of any communication relating to the mediation of a civil

17   dispute.  Under Texas statute,

18           a communication relating to the subject matter of any civil … dispute made by a
             participant in an alternative dispute resolution procedure, whether before or after
19           the institution of formal judicial proceedings, is confidential, is not subject to
             disclosure, and may not be used as evidence against the participant in any judicial
20           or administrative proceeding.

21   TEX. CIV. PRAC. & REM. CODE § 154.073(a).  They also cite the Northern District of Texas's

22   Alternative Dispute Resolution Booklet:

23           **Is everything that takes place in mediation kept confidential?**

24
             Yes. The Court Rules for Mediation prohibit disclosure of anything that is said or
25           that takes place in mediation. There may be an exception to this rule in the case of
             the commission of a crime or breaking a civil law. In the absence of those
26

27

28

5

1    exception[s], when the mediation ends, the only thing that the mediator can tell
     [the] Court is that the case settled or that it did not settle.[4]

2

3        The first issue is whether the Texas confidentiality statute is applicable in federal court.

4    Under Evidence Rule 501, "in a civil case, state law governs privilege regarding a claim or

5    defense for which state law supplies the rule of decision." The Texas courts, however, have not

6    afforded the ADR confidentiality statutes the status of privileges. *Knapp v. Wilson N. Jones*

7    *Mem'l Hosp.*, 281 S.W. 3d 163, 173 (Tex. Ct. App. 2009). Nonetheless, at least one district court

8    in Texas has applied this statute. *Smith v. Smith*, 154 F.R.D. 661, 669–70 (N.D. Tex. 1994).

9    Although section 154.073(a) is not a privilege, it is sufficiently analogous to a privilege that the

10   Court will apply it in this case, especially in light of the statute's application by the Northern

11   District of Texas.

12       The next issue is whether this Texas statute prohibits the disclosure of the e-mail sent by

13   Hometown LLC's counsel which included a draft complaint and threat to sue. The confidentiality

14   provided by section 154.073(a) is not absolute. "[D]isclosure may be warranted in a case alleging

15   a new and independent cause of action when disclosure of the confidential communications or

16   written materials will not disturb the settlement in the underlying arbitration." *Knapp*, 281 S.W.

17   2d at 173.

18       First, it is unclear whether the e-mail at issue was sent by Hometown LLC's counsel "in

19   an [ADR] procedure." The mediator was not present, and the e-mail was sent outside of the

20   mediation setting. Moreover, the email does not seem to disclose a parties' confidential analysis

21   of the case, or positions regarding settlement. Next, although the claims in this case are not

22   entirely independent from the Texas Guaranty Lawsuit, it is unclear whether disclosure will

23   disturb the possibility of settlement in the underlying mediation. The Prime-related entities have

24   refused to mediate since the filing of the instant case. The policy underlying the statute—the

25   promotion of early, extrajudicial, voluntary, and peaceable resolution of disputes—is not

26

27

28   [4] U.S. District Court, Northern District of Texas, Alternative Dispute Resolution Booklet,
     http://www.txnd.uscourts.gov/publications/altdisp.html.

6

1   contravened where the possibility of settlement is close to nil. *See id.* Consequently, the

2   disclosure of the e-mail (and attached draft complaint) did not violate section 154.073(a).

3       The same outcome results from consideration of the Northern District of Texas's local

4   ADR rule. Like the Texas statute, this local rule prohibits the disclosure of anything that is said

5   "in mediation."[5] It is unclear whether an e-mail sent outside of the mediator's presence that does

6   not contain any terms of settlement is made "in mediation." Moreover, as set forth above, the

7   email does not seem to disclose a parties' confidential analysis of the case, or positions regarding

8   settlement. The Court believes the proper view is that the Texas local rule does not bar disclosure

9   or consideration of the e-mail containing the draft complaint and threat to sue was not made.

10      That e-mail, and the filing of the instant suit two days later, indicate that the instant case

11  was an anticipatory strike suit. The fact that Plaintiffs did not serve the Nevada Complaint on

12  Hometown LLC until one month after filing supports this determination. Hometown LLC was

13  placed in the position of continuing to try to mediate and negotiate a settlement without the

14  knowledge of the instant case in Nevada. In essence, Plaintiffs gave themselves an "out" if

15  negotiations did not go their way. Presumably, they would have dismissed the instant case

16  without ever informing Hometown LLC about it if the negotiation had proved successful. The

17  use of declaratory relief actions and the first-to-file rule are not an appropriate way to cut short an

18  attempted negotiation. *See Williamson v. Am. Mastiff Breeders Council*, 2009 WL 634231 at *4

19  (D. Nev. 2009) (A party's "offer to attempt to resolve the dispute outside of court should not

20  work to his detriment when he had already threatened imminent legal action.").

21      Equitable considerations of convenience provide an independent ground to transfer the

22  case. As explained in the Order to Show Cause, the relevant events occurred in and around

23  Dallas, the parties' principal places of business are there, most (if not all) of the witnesses are

24  there, and the Texas Court has prior experience with the facts and parties.

25

26

27

28

---

[5] The rule specifically prohibits the mediator, rather than the parties, from communicating anything to the court other than whether the case settled. However, general principles regarding the confidentiality of mediation suggest that it should apply to parties as well, in order to promote candor in the mediation process.

1    The plaintiff's choice of forum is given deference, especially where the second-filed case

2    seeks coercive relief and the first-filed case seeks declaratory relief for an issue raised in the

3    second-filed case. *Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.*, 626 F.3d 973,

4    980 (7th Cir. 2010); *see Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044,

5    1049 (N.D. Cal. 2001). Hometown LLC is the plaintiff in the Texas Fraud Lawsuit.

6    Although alter ego liability for LLCs is an unsettled issue of Nevada law (militates in

7    favor of keeping the case in Nevada), this factor is not dispositive. The necessary facts to

8    determine alter ego liability—the corporate form of the entities at issue and the behavior of the

9    parties, directors and officers—are best determined by the Texas Court. The relevant

10   documentary evidence and witnesses are located in and around Dallas. The Texas Court (with

11   briefing by the parties) is undoubtedly capable of reaching a sound, reasoned prediction of how

12   the Nevada Supreme Court would rule on this legal issue. Moreover, the Nevada Supreme Court

13   often turns to the law of other states, especially Delaware, to resolve questions of corporate law.

14   The Texas Court is in no worse position than this Court to analyze relevant, non-Nevada law.

15   The first-to-file rule is inapplicable for two independent reasons: the instant case was an

16   anticipatory strike suit and considerations of convenience weigh strongly in favor of the second-

17   filed court (the Texas Court) hearing the case. For the same reasons of convenience, transfer is

18   warranted under 28 U.S.C. § 1404(a). Accordingly, the Court orders the transfer of the Texas

19   Fraud Lawsuit and the instant case to the Texas Court.

20   **B.      Realignment of Parties**

21   Because the instant case and the Texas Fraud Lawsuit are being transferred to the Texas

22   Court, the issue of realignment is moot in this Court. The Texas Court is in a better position to

23   determine if realignment is proper.

24   / / / /

25   / / / /

26   / / / /

27   / / / /

28   / / / /

8

III.    **CONCLUSION**

For the reasons set forth above, the Court ORDERS the TRANSFER of the instant case (Case No. 2:13-cv-00278-APG-CWH) and the Texas Fraud Lawsuit (Case No. 2:13-cv-01664-APG-PAL) to the U.S. District Court for the Northern District of Texas.

DATED this 4th day of November, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE